IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SULEYMA DEL CARMEN GUEVARA, et al., | § § § |
| Plaintiffs, | § § § Civil Action No. 3:20-CV-1287-D |
| VS. | § § |
| UNITED STATES OF AMERICA, et al., | § § § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this case arising out of a motor vehicle accident, plaintiffs seek an extension of time to respond to defendant Amanda Reid's ("Reid's") motion to dismiss so that they can take her deposition first. For the reasons that follow, the court in its discretion denies the motion.[*]

I

Plaintiffs sue Reid, a postal inspector and federal employee, arising from a motor vehicle accident involving Reid, who was operating a government vehicle. Plaintiffs bring claims, *inter alia*, against Reid in her personal capacity for alleged Constitutional violations. They allege that the government vehicle driven by Reid was registered under a "fictitious name," which "violat[ed plaintiffs'] Constitutional rights to due process." Compl. ¶ 8.

---

[*]Although plaintiffs' motion is entitled a motion for an extension of time to file their response, they also request that the court compel the oral depositions of Reid and other U.S. Postal Service employees. For the reasons explained in this memorandum opinion and order, the court denies all relief requested in plaintiffs' motion.

Reid moves to dismiss plaintiffs' claims, contending that they have not pleaded any actionable claim against her as a federal employee; they have failed to state a claim on which relief can be granted; and Reid is entitled to qualified immunity.

In the instant motion for extension of time to respond, plaintiffs ask the court to extend the time for their response to Reid's motion to dismiss because they "need [her] deposition to prove that the registered owner of the vehicle which she collided into Plaintiffs' vehicle was a fictitious name and intended to deceive and/or mislead others regarding the ownership of the vehicle." Ps. Mot. at 2.

Reid responds, *inter alia*, that no discovery is required for the court to rule on her motion to dismiss: she neither challenges any of plaintiffs' factual allegations nor asks the court to disregard or discredit any allegations in ruling on her motion. Accordingly, Reid maintains that the court can rule on her motion to dismiss based on the pleadings, without reference to any discovery.

II

The court concludes that the discovery plaintiffs seek (and the related extension to respond) are not necessary to resolve Reid's motion to dismiss. Plaintiffs have already alleged that a vehicle was registered under a fictitious name for an allegedly unlawful purpose. Reid does not controvert this allegation, and the court will consider all sufficiently-pleaded facts in deciding Reid's motion to dismiss.

Moreover, a qualified immunity defense is generally resolved without any discovery unless the court determines that "further factual development is necessary to ascertain the

availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). As this court has previously held, "[i]n this circuit, it is established that '[d]iscovery . . . must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Walker v. Wilburn*, 2013 WL 6728070, at *1 (N.D. Tex. Dec. 20, 2013) (Fitzwater, J.) (emphasis in original) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). Because Reid does not controvert plaintiffs' allegations in arguing that the claims against her should be dismissed, plaintiffs have not established that the requested discovery is necessary before responding to Reid's motion to dismiss.

\* \* \*

For the reasons explained, the court denies plaintiffs' motion to extend time to respond.

**SO ORDERED**.

October 28, 2020.

                                                      SIDNEY A. FITZWATER
                                                     SENIOR JUDGE