IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SULEYMA DEL CARMEN GUEVARA, §
et al., §
§
§
Plaintiffs, §
§ Civil Action No. 3:20-CV-1287-D
VS. §
§
UNITED STATES OF AMERICA, §
et al., §
§
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this action, plaintiffs Suleyma Del Carmen Guevara and Jayme Marison Escobar,

individually and as next friend of K.A.E., a minor, sue the United States of America (the

"government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for damages

allegedly sustained in an accident with a vehicle driven by defendant Amanda Reid ("Reid"),

a United States Postal Service ("USPS") employee. Plaintiffs also sue Reid for constitutional

violations and common law fraud based on their allegation that the vehicle Reid was driving

was registered under a fictitious name. The government substituted itself as the defendant

to plaintiffs' fraud claim pursuant to a Westfall Act certification.[1] The government now

moves under Fed. R. Civ. P. 12(b)(1) to dismiss plaintiffs' common law fraud claim for lack

of subject matter jurisdiction; moves for leave to file evidence with its reply in support of its

motion to dismiss; and requests that the court set its deadline to answer 14 days after the

_____

[1] *I.e.*, the Federal Employees Liability Reform and Tort Compensation Act of 1988.

court rules on the motion to dismiss and to stay the scheduling conference.  Reid moves under Rule 12(b)(6) to dismiss all claims against her for failure to state a claim on which relief can be granted.  For the reasons explained, the court grants the government's motion to dismiss plaintiffs' common law fraud claim, denies as moot the government's motion for leave to file evidence with its reply in support of its motion to dismiss, grants in part and denies in part as moot the government's motion to set its deadline to answer and to stay the scheduling conference, and grants Reid's motion to dismiss.  The court enters a Rule 54(b) final judgment in favor of Reid today.

I

This is plaintiffs' third lawsuit based on the same alleged facts.  Plaintiffs twice filed suit in Dallas county court.  In both cases, the government substituted itself in place of Reid pursuant to a Westfall Act certification, removed the case to federal court, and moved to dismiss under Rule 12(b)(1).  In the first case, Judge Cummings granted the government's motion—which was based a lack of subject matter jurisdiction under the doctrine of derivative jurisdiction—after plaintiffs failed to respond.  Similarly, in the second case, the undersigned granted the government's motion based a lack of subject matter jurisdiction under the doctrine of derivative jurisdiction.

Plaintiffs then filed the instant lawsuit based on the same alleged facts.  They assert that they sustained personal injuries when their vehicle was struck by a vehicle driven by Reid, who was acting in the course and scope of her employment.  Compl. ¶ 4.  Plaintiffs

bring a claim for negligence against the government for the injuries they sustained due to the collision.

Plaintiffs also allege that the USPS vehicle Reid was driving was registered to Eric Quinn. They aver that when Reid was served with the second state court petition, she told the process server "that Eric Quinn is a fictitious name which the U.S. Postal Service or an alleged 'law enforcement agency' made up to register that vehicle." Compl. ¶ 8. Based on this statement, plaintiffs allege a constitutional tort claim under 42 U.S.C. § 1983 and a common law fraud claim against Reid.

## II

The court turns first to the government's motion under Rule 12(b)(1) to dismiss plaintiffs' common law fraud claim for lack of subject matter jurisdiction.

## A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege

jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

B

The government moves on several grounds to dismiss plaintiffs' common law fraud claim for lack of subject matter jurisdiction. It posits that plaintiffs failed to exhaust their administrative remedies for their fraud claim, and exhausted only with respect to property damage and personal injuries allegedly sustained in the collision. The government also maintains that plaintiffs' common law fraud claim is barred by sovereign immunity because the FTCA excludes claims for misrepresentation from its waiver of immunity.

Plaintiffs acknowledge that their fraud claim was not included in their administrative claim, Ps. 8/13/20 Resp. to U.S. Mot. Dismiss at 3, but they maintain that they did not learn of the basis for the fraud claim until after their administrative claims were submitted. Plaintiffs contend that, because the actions of Reid and/or her superiors at USPS in registering a vehicle under a fictitious name were not within the scope of their authority, plaintiffs' fraud claim is not barred by sovereign immunity. Finally, plaintiffs posit that the court should not accept the government's Westfall Act certification and Reid should be re-substituted as the defendant with respect to plaintiffs' fraud claims because they have made allegations sufficient to show that Reid was not acting within the scope of her

- 4 -

employment.  In support, plaintiffs attach an email from plaintiffs' law firm stating that the process server relayed to the law firm that Reid told the process server that "Eric Quinn is a made up name by her law enforcement agency for the registration of the vehicle."  Ex. 1 to Ps. 8/13/20 Resp. to U.S. Mot. Dismiss.

The government replies that plaintiffs have not sufficiently rebutted the government's Westfall Act certification by meeting their burden of showing that Reid's conduct was not in the course or scope of her employment.  According to the government, plaintiffs have not pleaded any facts, much less specific facts, that, if true, would establish that Reid's actions exceeded the scope of her employment.  The government points out that plaintiffs allege that Reid told the process server that a law enforcement agency—not Reid—registered the vehicle, and the email plaintiffs submit as evidence does not imply or suggest that Reid registered the vehicle.  The government maintains that, even if plaintiffs had properly alleged that Reid registered the vehicle under a fictitious name, they offer no facts to suggest that USPS did not delegate the authority for her to do so.  The government also contends that, assuming *arguendo* that Reid fraudulently registered a government vehicle, plaintiffs lack standing to assert the claim against Reid.  According to the government, only the defrauded party (here, the government) has the right to assert a fraud claim.

Plaintiffs further respond[2] that they have successfully challenged the government's Westfall Act certification, so their fraud claim remains against Reid and is not barred by the

---

[2]The court granted plaintiffs leave to file a surreply and the government to file a final reply.

FTCA; that they need not exhaust administrative remedies for their fraud claim because exhaustion only applies to civil actions caused by the act of a government employee while acting in the scope of her employment; and that Reid can be held responsible for the alleged fraud because it is reasonable to infer that she participated in it, as evidenced by her acknowledgment that the vehicle was registered to a fictitious person.  Plaintiffs request that the court permit them to conduct discovery to rebut the government's Westfall Act certification.

In its final reply, the government argues that plaintiffs have not sufficiently rebutted the Westfall Act certification by alleging specific facts that, taken as true, would establish that Reid's actions exceeded the scope of her employment.  The government maintains that plaintiffs have not alleged that Reid registered the vehicle, that registering the vehicle was outside the scope of her authority, that registering the vehicle was not in furtherance of the government's business, or that registering the vehicle was not a task for which Reid was hired.  The government points out that plaintiffs allege that the vehicle was registered in a name "made up by [Reid's] law enforcement agency."  U.S. 9/18/20 Combined Reply in Supp. of Mot. Dismiss at 6.  The government also argues that it is not reasonable to infer that Reid participated in the government's registration of her vehicle—i.e., the alleged fraud—because that would mean that thousands of USPS drivers of thousands of USPS vehicles also participated in fraudulently registering their vehicles.  Finally, the government reiterates that any discovery would be irrelevant because only the government has standing to sue Reid for fraud.

- 6 -

C

The court first addresses whether plaintiffs have successfully challenged the government's Westfall Act certification such that Reid should be re-substituted as the defendant to plaintiffs' common law fraud claim.  As the government notes, plaintiffs do not dispute that their fraud claim against the government falls within an exception to the FTCA's waiver of sovereign immunity and is therefore subject to dismissal.

> The Westfall Act provides that, upon certification by the Attorney General or his designated representative that a government employee was acting within the scope of his employment at the time of an allegedly tortious act, the United States may substitute itself as the proper defendant in an action against the employee and remove the action to federal court.

*White v. United States*, 419 Fed. Appx. 439, 442 (5th Cir. 2011) (citing 28 U.S.C. § 2679(d)(2); *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir.2003)).  "A plaintiff who challenges the Government's certification bears the burden of showing the employee's conduct was not within the scope of his employment."  *Id.* (citation omitted).  Even if a plaintiff alleges that an employee violated policy or laws in the course of her employment, including criminal activities, that allegation does not take that conduct outside the scope of employment.  *Bolton v. United States*, 2018 WL 4224456, at *1-2 (S.D. Miss. 2018) (citing *Smith v. Clinton*, 886 F.3d 122, 126 (D.C. Cir. 2018)).  Moreover, a "plaintiff challenging the Government's Westfall Act certification has no right to conduct discovery as to the defendant's scope of employment unless plaintiff 'alleges facts that plausibly suggest the

defendant acted outside the scope of her employment.'" *Id.* at \*2 (quoting *White*, 419 Fed. Appx. at 443).

Plaintiffs have failed to meet their burden of showing that Reid engaged in conduct that was not within the scope of her employment. In challenging the government's Westfall Act certification, plaintiffs point to an email from their law firm stating that a process server stated that Reid told him that "Eric Quinn is a made up name by her law enforcement agency for the registration of the vehicle." Ex. 1 to Ps. 8/13/20 Resp. to U.S. Mot. Dismiss. Assuming *arguendo* that Reid communicated this to the process server, and setting aside any evidentiary issues (including credibility and admissibility), this statement fails to show that Reid engaged in conduct that was not within the scope of her employment. In fact, it fails to show that Reid engaged in conduct of any kind related to the registration of the vehicle. Plaintiffs have failed to allege, much less show, that Reid engaged in any conduct related to the registration of the vehicle; that any actions she took were not authorized by the government; or that she acted outside the scope of her employment in any way. Accordingly, plaintiffs have failed to successfully challenge the Westfall Act certification, and the government remains the proper defendant to plaintiffs' common law fraud claim.

Plaintiffs acknowledge that they have not exhausted their administrative remedies for their common law fraud claim against the government. "The requirement of exhaustion of administrative review 'is a jurisdictional requisite to the filing of an action under the FTCA' and cannot be waived." *Dudley v. United States*, 2020 WL 532338, at \*9 (N.D. Tex. 2020) (O'Connor, J.) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. Jan. 1981))

(dismissing for lack of subject matter jurisdiction claim that was not presented to the government during the administrative process).  The court therefore concludes that it lacks subject matter jurisdiction over plaintiffs' common law fraud claim, and it dismisses this claim against the government.[3]

### III

Considering the basis for the court's decision in § II—which does not consider the evidence submitted by the government when deciding the government's motion to dismiss—the court denies as moot the government's motion for leave to file evidence with its reply in support of its motion to dismiss.

### IV

The court now considers Reid's motion to dismiss plaintiffs' action against her for failure to state a claim on which relief can be granted under Rule 12(b)(6).

### A

Reid contends that, although plaintiffs cite 42 U.S.C. § 1983 as the basis for their constitutional claims against Reid, because Reid has been sued for actions as a federal, rather than state, employee, § 1983 does not apply.  According to Reid, any constitutional claim for her purported fraud in connection with the registration of the vehicle is actionable only under

---

[3]Because the court concludes on this basis that it lacks subject matter jurisdiction over plaintiffs' fraud claim, it does not address whether plaintiffs are defrauded parties such that they have standing to assert the fraud claim or whether the fraud claim constitutes "misrepresentation" such that it is excluded from the government's immunity waiver under the FTCA.

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Reid maintains that plaintiffs' claim does not fall within any of the recognized *Bivens* contexts and that creation of a new *Bivens* remedy is strongly disfavored. Reid also posits that she is entitled to qualified immunity and that plaintiffs have failed to state a claim for relief against her.

Plaintiffs respond that this court may extend *Bivens* to include their claim against Reid because the Supreme Court has expanded that remedy "'for violations of the Fifth Amendment Due Process Clause for gender discrimination.'" Ps. 11/3/20 Resp. to Reid's Mot. Dismiss at 7 (quoting *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017)). Although not entirely clear, plaintiffs appear to suggest that their claim against Reid based on her alleged participation in registering a USPS vehicle under a fictitious name is actually a claim for discrimination—because they cannot sue her for negligent entrustment but other similarly-injured plaintiffs could sue their tortfeasor. Plaintiffs also posit that Reid is not entitled to qualified immunity because she "'in some way participated' in the violation of Plaintiffs' constitutional rights regarding Mr. Quinn." Ps. 11/3/20 Resp. to Reid's Mot. Dismiss at 5.

Reid replies that plaintiffs' action against her should be dismissed because the Supreme Court has not authorized a remedy under *Bivens* for improper registration of a vehicle. She argues that this court should not expand *Bivens* because the creation of a new remedy is strongly disfavored and should not occur if any special factors counsel against creating a new remedy. Reid 11/16/20 Reply at 3-4 (citing *Ziglar v. Abbasi*, 137 S.Ct. 1843,

- 10 -

1857 (2017)).   According to Reid, that Congress has provided an alternate remedy for personal injury resulting from the negligence of a federal employee under the FTCA counsels against creating a new *Bivens* remedy.

## B

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Bramlett v. Med. Protective Co. of Fort Wayne, Inc.*, 855 F.Supp.2d 615, 618 (N.D.Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotation marks and alteration omitted)).   To survive Reid's motion to dismiss under Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration

- 11 -

omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citation omitted).

C

The Supreme Court of the United States has only expanded the *Bivens* remedy beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause in the case of gender discrimination, *see Davis v. Passman*, 442 U.S. 228 (1979), and for violations of the Eighth Amendment by prison officials for failure to provide medical care to a prisoner, *see Carlson v. Green*, 446 U.S. 14 (1980).  Ps. 11/3/20 Resp. to Reid's Mot. Dismiss at 7 (citing *Butts v. Martin*, 877 F.3d at 587). Plaintiffs' claims against Reid in her personal capacity are, in their words, "for knowingly driving a vehicle with a false or fraudulent title, which was clearly intended to deceive or mislead others regarding the ownership of that vehicle and thereby violated [plaintiffs'] constitutional rights to receive due process, equal protection of the laws, and have access to courts[.]".  Ps. 11/3/20 Resp. to Reid's Mot. Dismiss at 3.  The Supreme Court has not authorized a *Bivens* remedy for this type of claim.  The creation of a new *Bivens* remedy is strongly discouraged, *see Ziglar*, 137 S.Ct. at 1857, and plaintiffs may seek, and do seek, relief under the FTCA from the government for damages they have sustained.  Accordingly, the court dismisses plaintiffs' *Bivens* claim against Reid for failure to state a claim on which relief can be granted.

Because under the government's Westfall Act certification all claims against Reid— except plaintiffs' *Bivens* claim— must be brought against the government, and because

- 12 -

plaintiffs have failed to state a *Bivens* claim against Reid on which relief can be granted, the court enters a Rule 54(b) final judgment in her favor today.

V

The court now turns to the government's motion to set its time to answer and to stay the scheduling conference.

The government moves the court to set its deadline to answer for 14 days after the government's motion to dismiss is decided.  Plaintiffs do not oppose this request, and the court grants it.  The government may file its answer or other responsive pleading no later than 14 days after the date this memorandum opinion and order is filed.

The government also asks that the court stay the scheduling conference.  It argues that, at the time it filed this motion, Reid had not been served, and she was expected to file her own motion to dismiss.  Plaintiffs oppose this request.  Because Reid has now been served and the court today grants her motion to dismiss, the government's request to stay the scheduling conference is denied as moot.  The court in due course will issue a order requiring the parties to confer and submit a scheduling proposal.

*   *   *

For the reasons explained, the court grants the government's motion to dismiss plaintiffs' common law fraud claim; denies as moot the government's motion for leave to file evidence with its reply in support of its motion to dismiss; grants in part and denies in part as moot the government's motion to set its deadline to reply and stay the scheduling conference; and grants Reid's motion to dismiss.  The government may answer or otherwise

- 13 -

respond to plaintiffs' complaint no later than 14 days after the date of this memorandum opinion and order.  The court enters a Rule 54(b) final judgment in favor of Reid today.

**SO ORDERED**.

December 14, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 14 -